# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GERARD J. PUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-055 |
| | ) |
| B. AVANT EDENFIELD, | ) |
| JAY C. FISHER ASST. | ) |
| ATTY GENERAL, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Court **VACATES** its May 17, 2010 Report and Recommendation, doc. 3 and substitutes this one. Using a *Northern* District of Georgia 42 U.S.C. § 1983 Complaint form, Gerard J. Pugh filed this action on March 1, 2010. Doc. 1.[1] Because he accompanied it

---

[1] Because of Pugh's poor handwriting, the Clerk and the Court misread his first name as "Gerod," when it in fact is "Gerard." *See* attach 1 (copy of "Gerod" docket); *see also* doc. 3 at 1. The Clerk is **DIRECTED** to amend the caption accordingly, and all subsequent filings shall conform. This point is especially important because Southern and Northern District of Georgia court dockets reveal that Pugh is a 28 U.S.C. § 1915(g)-barred serial filer. *Pugh v. Holmes*, CV498-19, doc. 13 (S.D. Ga. Jul. 28, 2004) (civil rights action barred by *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Pugh v. Holmes*, CV499-51, doc. 11 (S.D. Ga. Jul. 28, 2004) (same basic case, same result); *see also Pugh v. Smith*, 333 F. App'x 478 (11th Cir. 2009) (affirming same result litigated in the Northern District of Georgia); *Pugh v. Green*, CV410-017 (N.D.

with no filing fee or motion to proceed in forma pauperis (IFP), the Clerk sent him a deficiency notice that day. *Id.* The deficiency notice directed Pugh to submit the filing fee or an IFP motion by March 21, 2010. *Id.* He did not comply and apparently abandoned his claim, so the Court initially reccommended dismissal without prejudice. Doc. 3.

Pugh responded with a prison-bureaucracy-snafu explanation, doc. 6, which the Court will accept. Hence, it **GRANTS** his "Motion for Extended Time." Doc. 6. He also seeks (on a *state* court IFP form motion, which does not ask him whether he has filed any prior lawsuits), leave to proceed in forma pauperis. Doc. 5. That motion is **DENIED** due to Pugh's status as an abusive filer, and his failure to allege imminent harm, as required by § 1915(g).

---

Ga. Mar. 18, 2010) (§ 1915(g)-barring Pugh and citing *Pugh v. Clark*, CV106-3061-CAM (N.D. Ga. Dec. 11, 2009) (listing cases)); *Pugh v. Freeseman*, CV410-017-HLM (N.D. Ga. Mar. 18, 2010); *see also Pugh v. Smith,* CV404-184, doc. 20 (S.D. Ga. Mar. 30, 2005) (28 U.S.C. § 2254 petition dismissed as time-barred); *Pugh v. Smith*, CV405-62, doc. 7 (S.D. Ga. May 18, 2005) (dismissing second § 2254 petition as successive). These cases are just a *sampling* of the unrelenting paper war Pugh has maintained against the federal court system. *See, e.g., Pugh v. Baker*, 1:10-CV-0465-CAM, doc. 3 (N.D. Ga. Mar. 25, 2010) (§ 1915(g) dismissal); *Pugh v. Clark*, 1:10-cv-00957-CAM, doc. 2 (N.D. Ga. Apr. 30, 2010) (same).

Hence, this case should be **DISMISSED WITHOUT PREJUDICE** under § 1915(g). But in light of Pugh's *repeated* frivolous filings, he should be **ENJOINED** from filing any more in forma pauperis complaints or proceedings in this Court absent a prior determination that his pleading satisfies the "imminent danger" requirement of § 1915(g). In *Smith v. Florida Department of Corrections*, 2010 WL 774305 (11th Cir. Mar. 9, 2010) (unpublished), a § 1915(g) three-striker appealed "the district court's injunctive order prohibiting him from filing any new petitions in forma pauperis," *id.* at * 1, contending that it violated his due process rights. *Id.* Upholding that injunction, the Eleventh Circuit noted that

> the district court did not totally prohibit him from filing future complaints or petitions. Unlike [*Miller v. Donald*, 541 F.3d 1091, 1096, 1099 (11th Cir. 2008)], where we held that a particular " § 1915(g)-plus" injunction was an abuse of discretion, the scope of the injunction in this case matches the scope of the PLRA. The injunction only prohibits Smith from filing IFP petitions in civil cases that are litigated in federal court. It does not affect filings where Smith pays the appropriate fee, criminal cases, or litigation in state courts. The district court quoted § 1915 in full -- including its exception for cases where the prisoner is in danger of serious physical injury -- and did not add any sanction beyond what the statute specifically permits. The district court's injunction was not an abuse of discretion.

2010 WL 774305 at * 3.

That same injunction should be applied here. Thus, Pugh would be enjoined from filing any more civil cases absent payment of the Court's $350 filing fee or pleading a *believable* showing that the constitutional violation alleged has, at the time he files his complaint, placed him in imminent danger of *physical* harm.² Otherwise, Pugh would be subject to contempt for violating this Court's injunction.

In order to properly execute this order, the Clerk should be **DIRECTED** to (1) create a miscellaneous civil case assigned to Judge B. Avant Edenfield; (2) caption it *In re Pugh*; (3) place this R&R, if adopted, as the first filing in that case; (4) file into it future Pugh § 1983

---

² *See Skillern v. Jackson*, 2010 WL 1737637 at * 2 (S.D. Ga. Mar. 29, 2010) (rejecting § 1915(g)-barred inmate's "imminent danger" claim "that 'doctors prognosticate' that he will have another heart attack due to the stress Defendants' 'illicit conduct causes[,'] . . . [and that] . . . being denied access to the courts is 'inarguably stressful.'"), *adopted*, 2010 WL 1737608 (S.D.Ga. Apr 29, 2010). This layer of attempted litigation (an anticipated series of attempted lawsuits bogusly alleging "imminent harm") can be subjected to paperless, "read-and-deny" review. *See Grant v. Dane County Jail*, 2010 WL 56020 at * 2 (W.D. Wis. Jan. 6, 2010) ("However, as a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words 'imminent danger' rather than allegations passing muster under § 1915(g), any further complaints alleging imminent danger filed by plaintiff will be deemed dismissed after 30 days unless the court orders otherwise.").

complaints; and (5) serve a copy of the Court's disposition of this matter (the R&R and adoption Order) on all judges in this district as well as the Northern District's Clerk of Court. The undersigned will then examine each new complaint to determine whether this standing order has been violated; if so, properly tailored contempt sanctions will be recommended.[3] Otherwise, the undersigned will direct the Clerk to file the complaint in its own case.

**SO REPORTED AND RECOMMENDED** this 14th day of July, 2010.

```
                                    /s/ G.R. Smith
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT of GEORGIA
```

---

[3] This Court employed a similar case-management *modus operandi* in *Harris v. St. Lawrence*, CV410-047 doc. 6 (S.D.Ga. June 9, 2010).

5